UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

SEAN SULLIVAN, individually,
and on behalf of all others similarly situated,

    Plaintiff,

v.

COLLECTIVE ACTION
Case No.:

PARTSBASE, INC. d/b/a CERTIFIED
LUXURY WATCHES, ROBERT A. HAMMOND,
and SIGRID M. HUBER

    Defendants.
_____.

## SECTION 216B FLSA COLLECTIVE ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, SEAN SULLIVAN, ("Plaintiff") individually, and on behalf of all others similarly situated, who consent to their inclusion in this collective action, bring this lawsuit pursuant to §216(b) of the Fair Labor Standards Act ("FLSA"), against PARTSBASE, INC., d/b/a CERTIFIED LUXURY WATCHES, ROBERT A. HAMMOND, and SIGRID M. HUBER (collectively, "Defendants") for violations of the Fair Labor Standards Act, 29 U.S.C. §201 *et. seq.* for failure to pay overtime compensation and a premium for all hours worked over forty (40) in a week.

### INTRODUCTION

1. The Fair Labor Standards Act is our nation's foremost wage law. The overtime requirements of the FLSA were designed to eliminate "labor conditions detrimental to the

maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers..." 29 U.S.C. §202(a). To achieve its goals, the FLSA sets minimum wage and overtime pay requirements for covered employers. 29 U.S.C. §§206(a) and 207(a). It requires minimum wage and overtime pay for certain non-exempt employees. 29 U.S.C. §213.

2. Plaintiff, SEAN SULLIVAN ("Sullivan"), worked for Defendants from on or about August 1, 2017 to July 2018, from Defendants' corporate office in Boca Raton, Florida as a Non-Exempt Hourly Paid Employee inside sales representative under the job title of "Sales Representative." From July 2018 to on or about September 6, 2019, Sullivan worked for Defendants as a Non-Exempt Hourly Paid Employee Inside sales representative under the title of "Purchasing Director" from Defendants' corporate office in Boca Raton, Florida.

3. Defendants also employed other Non-Exempt Hourly Paid Employees ("NEHPE") under such titles as Administrative Assistant from Defendants' corporate office in Boca Raton, Florida.

4. Defendants maintained a scheme to avoid their obligations to pay overtime wages to its NEHPE in order to save millions of dollars in labor costs and maximize profits all to the detriment of its employees.

5. Defendants shaved or edited overtime hours from the employees' time records and also permitted NEHPE to suffer to work off the clock.

6. Plaintiff, like his fellow NEHPE, and who are members of this putative Class, worked at Defendants' corporate office in Boca Raton, Florida and were led to believe they were being paid with a combination of a base hourly rate plus commission, except for NEHPE

working as Administrative Assistants who were paid an hourly wage. Defendants classified Plaintiff and other NEHPE as non-exempt, hourly paid employees under the FLSA.

7. Plaintiff, like his fellow NEHPE in the past three (3) years preceding the filing of this complaint, was systematically denied all overtime pay for hours they worked in excess of forty (40) on behalf of Defendants.

8. Defendants maintained a common unlawful pay practice applicable to all NEHPE of shaving or editing off all work hours over forty (40) reported in each workweek, and precluding the Plaintiff and all other NEHPE from being able to report and log in hours worked outside of the office.

9. Defendants also maintained an unlawful policy requiring employees to log off at the end of the shift to avoid incurring overtime wages, while continuing to urge, stress and encourage NEHPE, including the Plaintiff to continue to work off the clock in order to make sales to meet goals, quotas and metrics.

10. Accordingly, Plaintiff, individually, and on behalf of all others similarly situated who consent to their inclusion in this collective action, sue Defendants for violations of the Fair Labor Standards Act for: (1) failing to pay the Plaintiff and others similarly situated overtime compensation; and (2) failing to maintain and preserve accurate and true records of all hours worked.

**FLSA PROPOSED PUTATIVE CLASS DEFINITION AND RELIEF SOUGHT**

11. This collective action is to recover from Defendants overtime compensation, liquidated damages, prejudgment interest, and the costs and reasonable attorney's fees under 29 U.S.C. §216(b) on behalf of the Plaintiff and all similarly situated persons composed of:

All persons employed by or performing work for PARTSBASE, INC. d/b/a CERTIFIED LUXURY WATCHES, as a Non-Exempt Hourly Paid Employee, in the positions of Sales Representative, Administrative Assistant and any other job titles previously used to describe persons working as hourly paid employees at any time within the three (3) years preceding this lawsuit to the day of trial.

## **JURISDICTION AND VENUE**

13. This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. §1331, since this action involves a federal question under the Fair Labor Standards Act, 29 U.S.C., §§201-219, inclusive.

14. This Court has personal jurisdiction over this action because Defendant Partsbase Inc. d/b/a Certified Luxury Watches ("Partsbase") is engaged in business within the State of Florida.

15. Venue is proper in the Southern District of Florida pursuant to 28 U.S.C. §1391(b) since the acts complained of herein took place in this District, this is the home District where Defendant's corporate office is located, and where the unlawful policies and practices complained of herein were created, carried out, and enforced.

16. Upon information and belief, Defendant Partsbase has revenues of $500,000.00 or more in the previous three (3) years and employs ten (10) or more employees.

17. Plaintiff is engaged in interstate commerce, selling tangible goods across state lines, and having telephone and internet communications across state lines as well as processing orders and collecting payments and credit card charges across state lines.

18. At all relevant times, Defendants have been, and continue to be, an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of FLSA 29 U.S.C. §§206(a) and 207(a).

## THE PARTIES

19. At all times relevant to this action, Representative Plaintiff Sean Sullivan resided in Florida, and worked as a NEHPE as an inside sales representative and hourly paid employee for Defendants working under the titles of "Sales Representative" and "Purchasing Director."

20. Upon information and belief, all NEHPE for the fictitiously named "Certified Luxury Watches" company, who are in fact employees of Partsbase Inc., work from Defendants' corporate office located at 5401 Broken Sound Boulevard NW 100, Boca Raton, Florida 33487.

21. Defendant PARTSBASE, INC. d/b/a CERTIFIED LUXURY WATCHES is a foreign for profit corporation with corporate offices located at 5401 Broken Sound Boulevard NW 100, Boca Raton, Florida 33487. Defendant may be served through its registered agent, ROBERT A. HAMMOND at the same corporate office.

22. Defendant Robert A. Hammond (Hammond) is the Chief Executive Officer of Defendant Partsbase and upon information and belief created, implemented, enforced and executed Defendants' overtime policy, and an owner of Partsbase Inc. Defendant Hammond also directed and controlled the work of the hourly employees, including Plaintiff, and set the terms and conditions of their employment.

23. Defendant Sigrid M. Huber (Huber) is or was the Chief Financial Officer of Defendant Partsbase and upon information and belief created, implemented, enforced and executed Defendants' overtime policy. Defendant Huber also directed and controlled the work of the hourly employees, including plaintiff, and was involved in setting the terms and conditions of their employment.

24. As an officer, manager and/or owner of Defendant Partsbase, Hammond and Huber are employers within the meaning of the FLSA. See *In re Van Diepen, P.A.*, 236 Fed. Appx. 498, 12 Wage & Hour Cas. 2d (BNA) 1358 (11th Cir. 2007) (allowing individual liability).

25. Defendant Partsbase similarly employed NEHPE and inside sales representatives selling products and services under the fictitious name of Govgistics.

## GENERAL FACTUAL ALLEGATIONS

26. When hired, Defendants outlined Plaintiff Sullivan's compensation as $1,000.00 per week based on a 40 hour week, plus commissions.

27. For purposes of the collective action, Plaintiff Sullivan by this Complaint, gives his written consent to be parties to this action pursuant to 29 U.S.C. §216(b).

28. At all times relevant to this action, Defendants employed Plaintiff and all other NEHPE of this proposed FLSA collective action within the meaning of 29 U.S.C. §203(g).

29. Defendants also maintained a policy and practice for some period during the preceding three (3) years of shaving and editing overtime hours, or commanding NEHPE to shave or edit off overtime hours worked and thus, not paying overtime wages.

30. During the same time period, Defendants maintained a policy of permitting NEHPE, including Plaintiff, to suffer to work off the clock and without being paid overtime compensation for all hours worked over forty (40) in each workweek.

31. Defendants threatened, warned and attempted to intimidate NEHPE from making claims for overtime by communicating to the NEHPE that such attempts would subject the employees to discipline.

32. Defendants advised Plaintiff and other NEHPE that the company policy was that they would not pay a premium for overtime hours worked.

33. Simultaneously, Defendants pressured, coerced, and suggested NEHPE to work off the clock "on their own dime" in order to meet sales goals, quotas and metrics, and under the threat of discipline and termination of employment for failing to meet these sales goals, quotas and metrics.

34. Defendants, by and through its managers, knew when the shifts of the NEHPE ended and could and regularly did know when each person was working off the clock or working beyond the forty (40) hours scheduled times.

35. Additionally, NEHPE worked prior to and/or after the scheduled shift time, either working off the clock, or if they clocked in, but later, all hours worked over forty (40) hours were shaved or edited to forty (40) or below hours, or the employees were instructed to remove the hours.

36. Defendants acquiesced, accepted, permitted and encouraged employees to work additional hours without being on the clock and without being paid for all hours, including a premium for overtime hours.

37. Defendants maintained a culture and environment of fear, coercion and intimidation against NEHPE complaining about the manner in which they were compensated, and against questioning or complaining about not being paid properly under the law or the contractual agreement for all overtime hours worked.

38. Defendants' management discouraged Plaintiff and other NEHPE from complaining about or challenging the Defendants' pay practices and pay policies, again, with warnings of risk of harm to their positions in the company or future with the company.

39. Upon information and belief, all NEHPE are paid under similar compensation and pay plans.

40. Plaintiff and members of the Class were willfully denied overtime wages by Defendants as a whole or group under a De Facto policy against clocking, recording or claiming hours worked over forty (40) in any work week.

41. This same De Facto Policy existed for the sales representatives of Partsbase and its fictitious company Govgistics, as alleged in the related collective action lawsuit of ***Shawn Martin, individually and on behalf of all others similarly situated v. Partsbase Inc., d/b/a Govgistics, and Govgistics Inc., Case No: CASE NO.: 9:20-CV-80235-DMM.*** In that case, Defendant Partsbase faces claims from fourteen (14) inside sales representatives alleging the same or similar unlawful de facto policy of forcing employees to suffer to work off the clock and editing or shaving off hours from employee time records in order to avoid paying its employees overtime compensation.

42. The Defendants willfully violated §207 of the FLSA by failing to pay Plaintiff and others similarly situated overtime compensation for all hours worked in excess of forty (40) per week.

43. Upon information and belief, for the three (3) year period before this filing, (the "Class Period"), the continued violations of FLSA §207 that are complained of herein have been practiced and imposed upon all NEHPE.

44. The FLSA provides that, with certain exceptions, employers must pay employees overtime of at least one and one-half (1.5) times their regular rate of pay for any hours over forty (40) worked in a week. 29 U.S.C. §207(a)(1). Although the FLSA provides for certain exemptions to the mandates of paying overtime compensation, no exemption applies in the instant matter, and Defendants have treated Plaintiff and all NEHPE as hourly, non-exempt employees during this relevant class period.

45. Moreover, pursuant to the FLSA and DOL regulations, Plaintiff and all NEHPE herein are entitled to be paid time and one half (1.5) their regular rates of pay including the value of commissions earned, for all hours worked over forty (40) in each and every workweek.

46. Unless proven to be exempt from the protection of overtime laws, all employees are entitled to premium overtime pay for work in excess of forty (40) hours per week.

47. Plaintiff and members of the Class were required to work more than forty (40) hours a week during the course of their employment with Defendants.

48. Throughout Plaintiff Sullivan's employment with Defendants, he found it necessary to perform work outside of the office and from home, during evenings and on weekends, including reading and sending emails, receiving or making telephone calls, and other research and without a means to record or report such work hours.

49. It was against the best interests of commissioned sales representatives to ignore customers when outside of the office, or not to put in extra time in order to maximize sales and commissions.

50. Defendants were aware that NEHPE were performing work off the clock, but permitted, endorsed, encouraged and knew about hourly paid employees doing so without being paid for all such work hours.

51. Defendants were aware that inside sales representatives were performing work outside of the office and off the clock, but permitted, endorsed, encouraged and knew about inside sales representatives doing so without being paid for all such work hours.

52. Plaintiff herein alleges individually and on behalf of the members of the putative Class of similarly situated, that Defendants' failure to pay overtime compensation was and is a knowing and willful violation of the overtime wage requirements of the FLSA.

53. Plaintiff herein alleges individually and on behalf of the members of the putative Class of similarly situated, that Defendants' maintained a scheme to evade and avoid their FLSA wage obligations.

54. Accordingly, Plaintiff and the putative Class of similarly situated seek and are entitled to recover all overtime pay due from overtime hours worked for which compensation was not paid, an equal sum in liquidated damages, prejudgment interest, attorneys' fees and costs under the FLSA's three (3) year statute of limitations.

**FAILURE TO MAINTAIN TRUE & ACCURATE RECORDS OF HOURS WORKED**

55. All employers subject to the FLSA must maintain and preserve certain records describing the wages, hours and working conditions of their employees.

56. Evidence reflecting the precise number of overtime hours worked by Plaintiff and every member of the Class, as well as the applicable compensation rates, is in the possession of Defendants.

57. However, and to the extent records are unavailable, Plaintiff and members of the Class may establish the hours they worked solely by their testimony and the burden of overcoming such testimony shifts to the employer. Anderson v. Mt. Clemens Pottery Co., *328 U.S. 680 (1946)*.

58. With respect to an employee subject to the FLSA provisions, the following records must be kept:

  a. Personal information, including employee's name, home address, occupation, sex, and birth date if under nineteen (19) years of age;

  b. Hour and day when workweek begins;

  c. Regular hourly pay rate for any week when overtime is worked;

  d. Total hours worked each workday and each workweek;

  e. Total daily or weekly straight-time earnings;

  f. Total overtime pay for the workweek;

  g. Deductions from or additions to wages;

  h. Total wages paid each pay period; and

  i. Date of payment and pay period covered

59. Failure to comply with the recordkeeping requirements is a violation of the FLSA for which criminal or civil sanctions may be imposed, whether or not other statutory violations exist. *See,* 29 U.S.C. §215(a)(5); *See also,* Dunlop v. Gray-Goto, Inc., 528 F.2d 792 (10th Cir. 1976).

60. Accurate records are not only required for regulatory purposes, they are critical to an employer's defense of claims that it violated the FLSA. An employer that fails to maintain the required records cannot avoid liability in a wage-hour case through argument that there is

insufficient evidence of the claimed hours worked. *See* Wirtz v. First State Abstract Ins. Co., 362 F.2d 83 (8th Cir. 1966); Boekemeier v. Fourth Universalist Soc'y, 86 F. Supp. 2d 280 (S.D.N.Y. 2000).

61. An employer's failure to maintain records may create a presumption in the aggrieved employee's favor. *See* Myers v. The Copper Cellar Corp., 192 F.3d 546, 551 n.9 (7th Cir. 1999), *citing* Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680 (1946).

62. Defendants have failed to accurately record, track and report the Plaintiff's and Class of similarly situated members' time and work hours as required under the FLSA.

63. Defendants have failed to make, keep and preserve records, with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of 29 CFR §516.2 and 29 U.S.C. §§211, 216 and related laws.

## **COLLECTIVE ACTION ALLEGATIONS**

64. Plaintiff brings this action individually and on behalf of all others similarly situated who worked as NEHPE, otherwise referenced herein as the putative class, as a collective action pursuant to the Fair Labor Standards Act. 29 USC §216(b).

65. In Young v. Cooper Cameron Corp., the court stated that: "The requirements of Fed. R. Civ. P. 23 do not apply to the approval of a collective action and thus no showing of numerosity, typicality, commonality and representativeness need be made." 229 F.R.D. 50, 54 (S.D.N.Y. 2005).

66. Still, despite the Young court's ruling, members of the putative class are so numerous that joinder of all members is impracticable and in the interests of justice, as well as in keeping with the legislature's intent in creating Collective Actions under Section 216(b),

proceeding as a collective action is proper in this case. While the exact number of the members of the putative Class is unknown to the Plaintiff at this time and can only be ascertained through appropriate discovery, upon information and belief, Plaintiff believes there are 100 or more individuals in the defined class within the three (3) year relevant class period.

67. Plaintiff will fairly and adequately protect the interests of the putative Class of similarly situated NEHPE, and have retained counsel that is experienced and competent in class/collective actions and employment litigation. Plaintiff has no interest that is contrary to, or in conflict with, members of the putative Class.

68. A collective action suit, such as the instant one, is superior to other available means for a fair and efficient adjudication of this lawsuit. The damages suffered by individual members of the Class may be relatively small when compared to the expense and burden of litigation, making it virtually impossible for members of the Class to individually seek redress for the wrongs done to them.

69. A collective action is, therefore, superior to other available methods for the fair and efficient adjudication of the controversy. Absent these actions, the members of the Class likely will not obtain redress of their injuries and Defendants will retain the proceeds from its violations of the FLSA.

70. Furthermore, even if any member of the Class could afford individual litigation against the Defendants, it would be unduly burdensome to the judicial system. The instant methodology, when compared to voluminous individual actions, has fewer management difficulties and provides the benefits of unitary adjudication, economies of scale, and comprehensive supervision by a single court. Concentrating this litigation in one forum will

promote judicial economy and parity among the claims of individual members of the Class and provide for judicial consistency.

71. Upon information and belief, all NEHPE were trained on an ad hoc basis, including Plaintiff, without any formalized and structured training program, and were not put through any structured or instructor taught formal or classroom type corporate training program.

72. There is a well-defined community of interest in the questions of law and fact affecting the Class as a whole. The question of law and fact common to each of the Class predominate over any questions affecting solely individual members of the action. Among common questions of law and fact are:

    a. Whether Defendants employed members of the Class within the meaning of the applicable provisions of the FLSA;

    b. Whether Plaintiff and members of the Class were improperly not provided their base pay and wages;

    c. Whether Plaintiff and members of the Class were expected, permitted, and encouraged to regularly work hours in excess of forty (40) per week off the clock and without being paid a premium for all hours worked;

    d. Whether Defendants unlawfully edited or shaved overtime hours from members of the putative Class' time records, or required and instructed employees to shave, edit and remove overtime hours from their own weekly time records;

e. Whether Defendants knowingly failed to maintain and preserve accurate and true records of all hours worked and wages earned by Plaintiff and the Class;

f. Whether Plaintiff and the Class have sustained damages, and if so, what is the proper measure of such damages;

g. Whether Defendants willfully and with reckless disregard, underpaid Plaintiff and the class of similarly situated, even when they did pay a premium for overtime hours worked;

h. Whether Defendants maintained a De Facto, unlawful policy against paying overtime wages and against Plaintiff and members of the putative class from claiming or reporting all hours worked; and

i. Whether Defendants permitted Plaintiff and all other similarly situated to suffer to work off the clock.

73. Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its continued maintenance as a collective action.

## COUNT I
## VIOLATION OF SECTION §207 OF THE FLSA

74. All preceding paragraphs are realleged and incorporated as if fully set forth herein.

75. At all relevant times, Defendants employed Plaintiff, and/or each member of the putative Class of similarly situated, within the meaning of the FLSA.

76. Upon information and belief, all NEHPE were paid under a common and similar compensation plan and scheme, comprised of a base hourly pay,

77. Upon information and belief, all NEHPE working as inside sales representatives were also eligible to earn monthly commissions.

78. Defendants have maintained a De Facto policy and practice of refusing to pay overtime compensation to NEHPE for the hours worked in excess of forty (40) hours per week.

79. Defendants intimidated, coerced and dissuaded NEHPE from reporting or claiming overtime hours and working on the clock over forty (40) hours in a workweek for fear of scrutiny, discipline and management displeasure, meanwhile, suggesting, encouraging and even warning NEHPE to meet and exceed quotas, production goals, and metrics.

80. Defendants' management was well aware of employees working off the clock at the office, outside of the office, and working more than forty (40) hours in a work week, and did not discipline these employees for doing so.

81. Defendants do not instruct, order or command employees to leave at the end of their shift time, nor do they prohibit employees from performing work activities they know NEHPE are engaging in on behalf of the Defendants while off the clock or away from the office.

82. As a result of Defendants' unlawful pay practices complained of herein, throughout the three (3) year class period, Defendants have stolen potentially several millions of dollars or more in wages from NEHPE, while permitting them to suffer to work off the clock, or by removing hours or instructing employees to remove overtime hours from their time records.

83. Defendants knowingly and willfully failed to pay Plaintiff and all other members of the Class, overtime compensation at the appropriate legal rate for all hours they performed work on behalf of Defendants above and beyond forty (40) hours per workweek in violation of the FLSA, in particular 29 U.S.C. § 207.

84. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. §255(a).

85. Defendants are well aware that in order to meet goals, quotas and/or metrics, and to complete and perform the job duties to the expectations of Defendants, NEHPE must work more than forty (40) hours in a workweek routinely, and especially when they are falling short of sales goals.

86. Moreover, by the inherent nature of sales work, Defendants understand that the more hours NEHPE put in and work, the more likely they will produce more in sales revenue for Defendants and thus earn more commissions for NEHPE.

87. Defendants induced and misled persons applying for and accepting the position of NEHPE into believing that they were to receive a base hourly pay for performing forty (40) hours of work per workweek and that they would be paid time and one half (1.5) their regular rates for all overtime hours worked.

88. Instead, Defendants engaged in a scheme to avoid paying overtime wages.

89. Defendants knew that the NEHPE position would result in employees working more than forty (40) hours routinely in order to meet goals, quotas, sales requirements and other performance metrics.

90. Defendants willfully failed and refused to pay Plaintiff and all others similarly situated compensation for all overtime hours worked.

91. Defendants willfully failed and refused to pay Plaintiff and all others similarly situated a premium for all overtime hours worked at the correct and lawful rate, thus, underpaying Plaintiff and all others similarly situated even when they did pay overtime wages.

92. Upon information and belief, Defendants failed to include commissions earned in the determination of the regular rate and the overtime rate to be to paid to all NEHPE, and thus willfully and with reckless disregard for the FLSA and DOL regulations, underpaid Plaintiff and all NEHPE even when they did pay a premium for overtime wages.

93. Defendants cannot and do not have a good faith basis under the FLSA for their willful actions and conduct of paying Plaintiff and the putative class less than the accurate, correct and lawful rates for overtime wages for all hours worked over 40 hours in each and every workweek.

94. Plaintiff and the class of similarly situated thus are entitled to, and should be awarded liquidated damages of an equal sum of the overtime wages awarded or recovered for a period of three (3) years preceding the filing of this action to the present and continuing.

95. Due to Defendants' willful FLSA violations, Plaintiff alleges on behalf of the putative Class that they have suffered damages and are entitled to recover from Defendants the unpaid and underpaid overtime compensation due and owing for all hours worked in excess of forty (40) in each and every workweek, an additional equal amount as liquidated damages, prejudgment interest, reasonable attorneys' fees, costs and disbursements of this action, pursuant to 29 U.S.C. §216(b).

**WHEREFORE** Plaintiff, SEAN SULLIVAN prays for:

a. An order designating this action as a collective action and issuance of notice pursuant to 29 U.S.C. §216(b) to all similarly situated individuals across the nation with instructions to permit them to assert timely FLSA claims in this action by filing individual Consents to Join this action as plaintiffs pursuant to §216(b);

and that notice be sent to all past and present employees of PARTSBASE, INC. d/b/a CERTIFIED LUXURY WATCHES, at any time during the three (3) year period immediately preceding the filing of this suit, through and including the date of this Court's issuance of the Court Supervised Notice;

b. An order awarding attorneys' fees and costs pursuant to §216 of the FLSA;

c. That the Court find Defendants in violation of the overtime compensation provisions of the FLSA and that the Court find that Defendants' violations of the FLSA were and are willful;

d. That the Court award Plaintiff Sullivan and the putative Class of all similarly situated employees overtime compensation for all the previous hours worked over forty (40) hours in each and every workweek at the rate of time and one half (1.5) their regular rate of pay during the past three (3) years, AND an equal sum in liquidated damages. In addition, interest on said award pursuant to §216 of the FLSA;

e. Approve Plaintiff Sullivan as an authorized class representative for all others who consent to join this action and to negotiate on their behalf;

f. That the Court award Plaintiff Sullivan a collective action class representative fee or service award fee for his efforts and time dedicated to bringing justice through this action;

g. That the Court appoint Mitchell Feldman, Esq. and the firm of Feldman Legal Group as class counsel in the FLSA collective action; and

h.  That the Court award any other legal and equitable relief as this Court may deem appropriate, fair and just.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by this Complaint and on all other issues so triable.

Filed this 13th day of April 2020.

Respectfully submitted,

*/s/Mitchell Feldman, Esq.*
**Mitchell L. Feldman, Esquire**
Florida Bar No.: 0080349
FELDMAN LEGAL GROUP
6940 W. Linebaugh Ave, #101
Tampa, Florida 33625
Tel: 813-639-9366 - Fax: 813-639-9376
Email: mlf@feldmanlegal.us
Secondary: lschindler@feldmanlegal.us
*Attorney for Plaintiff, and the class*
*Of similarly situated*